UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

ERIC RAYMOND SAULTS,

    Petitioner,

v.

KAREN HOGSTEN, *Warden*,

    Respondent.

Civil Action No. **6:11-00330-HRW**

## **MEMORANDUM OPINION AND ORDER**

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Eric Raymond Saults, confined in the Federal Correctional Institution ("FCI")-Manchester, in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [D. E. No.1 ], and a Memorandum of Law in support of his § 2241 petition, [D. E. No.  6].

As Saults has paid the $5.00 filing fee, the Court screens his § 2241 petition pursuant to 28 U.S.C. § 2243.  At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1]

    The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Saults alleges that his 180-month federal sentence violates his right to due process of law because it was improperly enhanced under 18 U.S.C.A. § 924(e), the Armed Career Criminal Act ("ACCA").  Under the ACCA, a person is considered an armed career criminal if the present conviction is for a violation of § 922(g), and he has at least three prior convictions for a violent felony or a serious drug offense, or both, which were committed on different occasions.

Because Saults' post-conviction remedy in the federal court where he was convicted was adequate and effective to challenge his current detention, and because he does not allege that he is actually innocent of the firearm offense of which he was convicted, his § 2241 petition will be denied and this action will be dismissed.

## LITIGATION HISTORY

On March 26, 2006, Saults pleaded guilty in a Tennessee federal court to possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Saults*, 2:05-CR-93( E.D. Tenn.) ("the Trial Court").  On March 29, 2006, Saults signed a Plea Agreement stating that if he was determined to be an Armed Career Criminal, he would be subject to a prison term of not less than fifteen (15) years, a $250,000.00 fine, five years of supervised release, restitution and a $100.00 special assessment. *See* Plea Agreement, [R. 21, p. 2, ¶

2

3(b)].[2] On August 21, 2006, Saults was sentenced to a 180-month prison term, and a five-year term of supervised release. The Trial Court enhanced Saults' sentence pursuant to the ACCA because he had previously been convicted of at least three violent felony offenses. Saults did not appeal his sentence.

On November 29, 2010, Saults wrote a letter to the Trial Court, complaining that it sentenced him to a 15-year term under the ACCA based on his prior conviction for reckless endangerment instead of sentencing him to a ten-year maximum prison term. Saults stated that based on the Supreme Court's subsequent decision in *Begay v. United States*, 553 U.S. 137 (2008),[3] his prior Tennessee conviction for reckless endangerment no longer qualifies as a predicate offense for enhancement purposes under the ACCA. *Id.*, [R. 61, pp. 1-2]. Saults requested free copies the Indictment, the Plea Agreement, the Judgement and Commitment, plea and sentencing transcripts,

---

[2]

In the Plea Agreement, the parties agreed that the appropriate sentence ". . . is a range of 180 to 188 months if the defendant [Saults] is subject to the Armed Career Criminal enhancement of 18 U.S.C. § 924(e); and if not, the appropriate sentence will be determined by the Sentencing Guidelines."[*Id.*, p. 1, ¶ 2(a)]. The Plea Agreement further provided that Saults also agreed that his sentencing determination would be based upon the entire scope of his criminal conduct, his criminal history, and other factors and guidelines set forth in the United States Sentencing Guidelines and 18 U.S.C. § 3553. [*Id.*, pp. 2-3, ¶ 5].

[3]

*Begay* holds that DUI convictions are not violent felonies under the ACCA. *Id.*, at 144-48. In a related case, *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687, (2009), the Supreme Court held that felony escape convictions based on the a defendant's failure to report were not violent felonies under the ACCA.

and the Presentence Investigation Report ("PSI") "[i]n order to file a meritorious collateral postconviction [sic] relief motion." *Id*, at p. 1. He also filed a motion seeking either legal advice or the appointment of counsel. *Id*., [R. 62].

On January 31, 2011, the Trial Court directed the Clerk of the Court to send Saults copies of the Indictment and Judgement and Commitment, but stated that it was not in possession of the PSI, and that Saults was not entitled to copies of the Plea Agreement and sentencing transcripts free of charge. Contrary to the statements in his November 29, 2010, letter, Saults did not thereafter file a 28 U.S.C. § 2255 motion to vacate his sentence based on *Begay*. He filed this § 2241 proceeding on January 12, 2012.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Saults alleged that because *Begay* applies retroactively, his prior conviction for reckless endangerment no longer qualifies as a predicate offense under the ACCA, and that his enhanced sentence should be set aside. His claim falls under the Fifth Amendment of the United States Constitution, which guarantees due process of law.

## DISCUSSION

### 1. **28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective**

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United*

4

*States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Saults can not make this showing. Saults at no time filed a § 2255 motion in the Trial court asking it to vacate his sentence. Saults has not shown that prior to *Begay*, his ACCA challenge was so novel that the "legal basis for his claim was not reasonably available" to his counsel, *Bousley v. United States*, 523 U.S. 614, 622 (1998), but even if Saults could not have raised his ACCA challenge until *Begay* was rendered, he nevertheless failed to seek relief from the Trial Court after *Begay* was

rendered on April 16, 2008. Saults wrote a letter to the Trial Court stating his *intention* to file a post-conviction motion seeking relief from his sentence based on *Begay*, but the Trial Court record reveals that he never filed such a motion.

The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d 756-758. Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758. Saults' failure to challenge his ACCA-enhanced sentence in a § 2255 motion, either before or after *Begay*, did not render his § 2255 remedy in the Trial court inadequate or ineffective to challenge his current federal detention.

Even if Saults' November 20, 2010, letter could be broadly construed as a *de facto* § 2255 motion, the Trial Court would have likely rejected his *Begay* claim for several reasons. First, Saults signed a Plea Agreement in which he stated that he understood that his criminal history could result in his designation as an armed career criminal under the ACCA, and a 15-year mandatory minimum prison term. Second, Saults did not appeal his sentence. The failure to file a direct appeal of a career offender issue results in a procedural default of the claim when it is raised for the first time in a § 2255 motion. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584 (1982).

6

Third, *Begay* was rendered on April 16, 2008.  Assuming only for purposes of this argument that *Begay* created a substantive rule governing primary conduct which has been made retroactively applicable to cases on collateral review,[4] Saults therefore had one year from April 16, 2008, *i.e.*, until April 16, 2009, in which to raise a timely *Begay* claim in a § 2255 motion in the Trial Court.  *See* 28 U.S.C. § 2255(f)(3). Again, Saults did not file a § 2255 motion in the Trial Court within that one-year period, or at any other time.  Saults' letter to the Trial Court, in which he discussed a *Begay* claim, was dated November 29, 2010, over a year and a half after the April 16, 2009, deadline for asserting a *Begay* claim (in a § 2255 motion) had expired.

Saults therefore had an adequate and effective means of challenging his sentence under *Begay*, via a timely § 2255 motion in the Trial Court.  His failure to pursue that available remedy bars him from asserting the claim under § 2241.

### 2. No Claim of Actual Innocence

The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency."  *Bousley* 523 U.S. at 623-24;

---

[4]

The Court will address this issue in more detail, *infra*, at pp. 11-12.

*Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Saults does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of the § 922(g)(1) felon-in-possession offense of which he was convicted. Saults instead claims that based on *Begay*, he is "actually innocent" of being an armed career criminal offender and that accordingly, his sentence was improperly enhanced under the ACCA and should be set aside.

This argument lacks merit because one is not convicted of being an "armed career criminal." Rather, armed career criminal status merely allows a district court to enhance a federal sentence. Challenging a sentence enhancement is not the same as alleging actual innocence of the underlying criminal offense, so Saults' remedy under § 2255 remedy was not an inadequate or ineffective method of challenging his federal detention, and he can not use § 2241 to challenge an enhanced sentence. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F. 3d 263, 267 n. 7 (4th Cir. 2008); *Pryce v. Scism*, No. 1:10-CV-01680, 2011 WL 41883, at *4 (M. D. Pa., January 6, 2011); *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *McKelvey v. Rivera*, No. 4:10-

8

422, 2010 WL 2985965, at *4 (D.S.C. June 18, 2010); *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009).

Saults' challenge to his enhanced sentence is, at best, one of "legal innocence," not a claim of "actual innocence" of the underlying § 922(g) firearm offense of which was convicted. *See Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485, at * 5 (E. D. Ky., May 26, 2004). This Court has denied a prisoner's § 2241 petition claiming that the sentencing court improperly enhanced his federal conviction based upon a prior state conviction, and the Sixth Circuit approved that approach. *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. July 29, 2009) *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (finding that the § 2241 petitioner did not assert a claim of actual innocence of the federal crime of which he was convicted, but instead alleged only that he was actually innocent of being a career offender). *See also*, *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky., July 19, 2010) (denying a § 2241 petition challenging only an enhanced sentence); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky., June 10, 2010) (same).

Other federal courts, facing similar claims from § 2241 petitioners using *Begay* to collaterally attack their enhanced sentences imposed prior to its issuance, have rejected the *Begay* claims and refused to allow them to use § 2241 to challenge their sentences. *Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 U.S.

9

Dist. LEXIS 67532 (S.D. Fla. Aug.4, 2009) (because *Begay* addresses only sentencing issues, not the invalidation of a conviction or decriminalization of the petitioner's activities, he could neither assert a *Begay* claim under § 2241 nor argue that his § 2255 remedy was inadequate or ineffective); *Harvey v. Sherrod*, NO. 08-CV-613-DRH, 2009 U.S. Dist. LEXIS 64514 (S.D. Ill. Jul 27, 2009) (*Begay* did not permit an "actual innocence" § 2241 claim because it was only an opinion of "statutory construction," not a new constitutional rule, and the § 2255 remedy was not ineffective or inadequate); *James v. Stansberry*, No. 08-512, 2009 U.S. Dist. LEXIS 9760, (E.D. Va. Feb. 9, 2009) (finding that § 2241 actual innocence claim under *Begay* was really a successive § 2255 motion; no § 2241 jurisdiction), *aff'd*, 342 F. App'x. 865 (4th Cir. 2009), *cert. denied*, 2010 U.S. LEXIS 1160 (U.S. Feb. 22, 2010).

Thus, the savings clause of § 2255 does not extend to a § 2241 petitioner, like Saults, who challenges only his enhanced sentence and his status as a career offender, not the underlying criminal offense of which he was convicted.

Saults next asserts an actual innocence claim based on *Begay*, which he contends applies retroactively to his 2006 firearm conviction, and establishes that his prior Tennessee reckless endangerment conviction no longer constitutes a predicate offense. This claim lacks merit because *Begay* has not been determined to apply retroactively to cases on collateral review, such as this § 2241 proceeding.

10

After *Begay* was rendered, the Sixth Circuit has, in several direct appeals of convictions and/or sentences, (a) vacated and remanded enhanced sentences because the prior reckless endangerment convictions did not categorically constitute crimes of violence under *Begay*, even where the defendants had been classified as a career offenders before *Begay* was rendered, and (b) instructed the district courts to independently determine whether the prior reckless endangerment convictions involved the type of "purposeful, violent, and aggressive" conduct such as "burglary, arson, extortion, or the use of explosives," which *Begay* listed as examples. *See United States v. McMurray*, 653 F.3d 367, 376-77 (6th Cir. 2011); *United States v. Allen*, 370 F. App'x, 582, 583 (6th Cir. 2010); *United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009); *United States v. Johnson*, 308 F. App'x, 968, 975-76 (6th Cir. 2009); *see also*, *United States v. Wynn*, 579 F.3d 567, 574 (6th Cir. 2009) (reversing and remanding a USSG career-offender enhancement to determine whether the defendant's prior generic conviction under Ohio's sexual battery statute involved aggressive and violent behavior).

These cases do not assist Saults because they involved direct appeals of convictions/sentences, and his § 2241 petition is not a direct appeal of his sentence; it is only a collateral challenge. *Begay* would assist Saults only if it has been determined to be retroactively applicable to cases on collateral review. The United

States Supreme Court has not made that determination, and the Sixth Circuit has not

yet addressed whether *Begay* and *Chambers* apply retroactively on collateral review.

*See United States v. Gibson*, 424 F. App'x 461, 465-66 (6th Cir. 2011).

One member of this Court has determined that *Begay* is not retroactively

applicable on collateral review, even in a § 2255 motion. *United States v. Jones*, No.

6:04-CR-70-DCR, 2010 WL 55930, at *3-*5 (E.D. Ky, January 4, 2010). Other

district courts have concluded that *Begay* is not retroactively applicable on collateral

review. *United States v. Ross*, Nos. 06-cr-132-JCS, 09-cv-779-BBC, 2010 WL

148397, at *2 (W.D. Wis. January12, 2010); *United States v. Holt*, 2009 U.S. Dist.

LEXIS 115242 (W.D. Wisc., Dec. 10, 2009); *Cadieux v. United States*, 2009 U.S.

Dist. LEXIS 41532 (D. Maine, May 8, 2009); *see also*, *Bennett v. United States*,

No.3:08cv00410,  2011 WL 1791305, at*3 (W.D.N.C., May 10, 2011) (concluding

that *Begay* is not retroactively applicable in collateral proceedings absent a ruling

from either the Supreme Court or the Fourth Circuit Court of Appeals).[5]  Based on

these cases, the Court is unable to conclude that *Begay* applies retroactively to Saults.

In summary, Saults has not shown that his remedy under § 2255 was

---

[5]

Other courts have ruled that *Begay* and *Chambers* constitute a new substantive rule which
applies retroactively to collateral challenges. *See United States v. Shipp*, 589 F.3d 1084, 1089–90
(10th Cir. 2009) (finding *Chambers* retroactively applicable); *see also*, *Welch v. United States*, 604
F.3d 408, 415 (7th Cir. 2010) (finding *Begay* retroactively applicable); *Lindsey v. United States*, 615
F.3d 998, 1000 (8th Cir. 2010) (same).  However, these decisions are not controlling in this circuit.

inadequate or ineffective to challenge his detention; that he is actually innocent of the § 922(g)(1) firearm offense of which he was convicted, or that a retroactively applicable Supreme Court decision affords him relief.  Therefore, the savings clause of § 2255 does not apply.  Saults' § 2241 petition will be denied, and this action will be dismissed with prejudice.

**CONCLUSION**

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)    Eric Raymond Saults' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D. E. No. 1], is **DENIED**;

(2)    This action is **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket; and

(3)    Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Karen Hogsten, Warden of FCI-Manchester.

This February 13, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge