UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

ERIC RAYMOND SAULTS, )
)
   Petitioner, ) Civil Action No. 6:11-330-HRW
)
v. )
)
KAREN HOGSTEN, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
   Respondent. )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Eric Raymond Saults is an individual confined in the Federal Correctional Institution in Manchester, Kentucky. Saults, proceeding without an attorney, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his underlying criminal conviction and sentence. [D. E. No. 1] Saults claimed that under the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), he did not have the requisite number of predicate convictions to warrant his sentence being enhanced under the Armed Career Criminal Act ("ACCA"). Saults claimed that *Begay* was retroactively applicable to him, requiring that his sentence under the ACCA be vacated and that he be resentenced as a non-career criminal. On February 13, 2012, the Court denied his petition on numerous grounds, including that *Begay* did not apply retroactively to cases on collateral review. [D. E. No. 8, 9]

Saults has moved for relief from that judgment, pursuant to Fed. R. Civ. P. 60(b)(6), requesting that the judgment be vacated, that this case be reopened, and that the respondent be ordered to respond to the merits of his habeas petition. [D. E. No. 13] For the reasons stated below, Saults's Rule 60(b)(6) motion will be denied.

## FACTUAL BACKGROUND

As set out in greater detail in the Memorandum Opinion and Order of February 13, 2012 [D. E. No. 8], on March 26, 2006, Saults pleaded guilty in a Tennessee federal court to possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *United States v. Saults*, No. 2:05-CR-93 (E.D. Tenn. 2005) [D. E. No. 26 therein]. The parties agreed that if Saults were determined to be an armed career criminal, his sentence would be subject to enhancement to a mandatory 15-year sentence under the ACCA, 18 U.S.C. § 924(e), followed by a 5-year term of supervised release. [*Id.* D. E. No. 21, pp. 1-2] The parties further agreed that if Saults were not determined to be an armed career criminal, his maximum sentence would be 10 years, followed by a 3-year term of supervised release. [*Id.* D. E. No. 21, p. 2]

On August 21, 2006, Saults was sentenced as an armed career criminal to a 15-year prison term, and a 5-year term of supervised release. [*Id.* D. E. No. 45] The trial court enhanced Saults's sentence pursuant to the ACCA because he had previously been convicted of at least three violent felony offenses, one of which was a conviction for reckless endangerment. Saults did not appeal or collaterally attack his plea or sentence.

2

Saults's habeas petition filed under 28 U.S.C. § 2241 was premised on *Begay v. United States*, *supra*, decided by the Supreme Court in 2008, post-dating the finality of his conviction in 2006. In *Begay*, the Supreme Court held that a DUI conviction is not a violent felony under the ACCA. 553 U.S. at 144-48. Based on *Begay*, Saults claimed that his prior Tennessee conviction for reckless endangerment should not have qualified as a predicate offense for enhancement purposes under the ACCA. Therefore, he was not an armed career criminal and should be relieved from the enhanced, mandatory 15-year sentence imposed under the ACCA. The Court denied and dismissed his habeas petition, as explained in greater detail in the Memorandum Opinion and Order of February 13, 2012, because (1) his post-conviction remedy in the federal court where he was convicted was adequate and effective to challenge his current detention, (2) he did not claim that he was "actually innocent" of the firearms offense of which he was convicted, and (3) *Begay*, the authority on which he relied to support his claim, did not apply retroactively to cases on collateral review.

## DISCUSSION

Saults has moved for relief from that judgment, pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b) provides relief from a judgment only in the unusual and extreme situation when "principles of equity" mandate relief. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). As grounds for relief, Saults relies upon *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), a case decided by the Sixth Circuit five months after the Court denied Saults's petition. In that case, Jones pleaded guilty

to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was classified as an armed career criminal based on three prior felony convictions, including one for reckless homicide under Kentucky law, and received a 188-month sentence of imprisonment. Jones did not appeal his conviction or sentence, resulting in his conviction becoming final in 2005.

In 2009, Jones filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Ricky Jones*, No. 6:04-cr-070-DCR (E. D. Ky. 2009) [D. E. No. 35 therein]. Jones contended that under *Begay* his reckless homicide conviction did not qualify as a predicate offense under the ACCA because it did not "have the element of attempted use or threatened use of physical force against a person" and also lacked "aggressive intention." [*Id.*, D. E. No. 35, p. 4] Jones stated that this conviction resulted from an auto accident caused by a combination of bad weather and his drinking. On January 4, 2010, the district court *sua sponte* denied Jones's § 2255 motion for three reasons: (1) Jones's *Begay* claim was time-barred and was not entitled to equitable tolling; (2) reckless homicide in Kentucky is a crime of violence under the ACCA; and (3) in any event, *Begay* did not apply retroactively. *United States v. Jones*, No. 6:04-CR-70-DCR, 2010 WL 55930, at **3-5 (E.D. Ky. Jan. 4, 2010).

Jones appealed that decision to the Sixth Circuit, claiming that all three of the district court's reasons for denying his § 2255 motion were erroneous. In its July 31, 2012, decision, the Sixth Circuit agreed on all three grounds, reversed the district court's judgment and

4

remanded the case for resentencing without the application of the ACCA. *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012). The Sixth Circuit first held that *Begay* announced a "new rule" because its holding was not dictated by prior precedent under *Graham v. Collins*, 506 U.S. 461, 467 (1993). The Sixth Circuit further held that this "new rule" is a substantive rule, rather than procedural, and that it applied retroactively:

> *Begay* is a new substantive rule and not procedural because it substantially altered the punishment certain categories of defendants may face for a crime. We agree with the well-reasoned analysis of our sister circuits who have reached the same result. *See Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (holding *Begay* and *Chambers* announced new substantive rules), *cert. denied*, ___ U.S. ___, 131 S.Ct. 3019, 180 L.Ed.2d 844 (2011); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir.2010) (holding *Begay* retroactive), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1712, 179 L.Ed.2d 641 (2011); *United States v. Shipp*, 589 F.3d 1084, 1090 (10th Cir. 2009) (holding *Chambers* retroactive). A defendant who does not qualify as an armed career criminal after *Begay* who nonetheless remains subject to a fifteen-year mandatory minimum sentence "faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352, 124 S.Ct. 2519. Without the ACCA, the statutory maximum Jones could receive for being a felon in possession of a firearm was ten years. "[T]he application of the ACCA imposed, at a minimum, five years of imprisonment that the law otherwise could not impose upon him under his statute of conviction." *Welch*, 604 F.3d at 415.
>
> Although *Begay* did not alter the underlying elements of the crime, the new rule nonetheless "involve[d] the substantive construction of a criminal statute," *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000), here the ACCA. And the new construction substantially changed the lawful punishment certain classes of defendants may receive for a particular crime. *Welch*, 604 F.3d at 415; *Shipp*, 589 F.3d at 1090. Our holding in *Humphress* is not to the contrary, because *Booker* did not reduce the maximum available sentence for any crime. *Humphress*, 398 F.3d at 862 (holding *Booker* not a substantive rule); *see also Welch*, 604 F.3d at 415 (distinguishing *Booker*). Because *Begay* is a new, substantive rule, we hold that *Begay* applies retroactively.

*Jones*, 689 F.3d at 625-26. (footnote omitted).

The Sixth Circuit then concluded that retroactive application of *Begay* would impact Jones's sentence:

> The next question is whether the retroactive application of *Begay* would change the outcome of Jones's sentence given his past convictions. We hold that it does. Jones was treated as an armed career criminal for three prior felony convictions: (1) a 1982 second-degree escape; (2) a 1991 second-degree robbery; and (3) a 1999 reckless-homicide conviction. Jones attacks only the third, his 1999 conviction for reckless homicide. To qualify as a violent felony under the ACCA, a prior felony conviction must either have an element of the "use of physical force," 18 U.S.C. § 924(e)(2)(B)(I), or else be a conviction for "burglary, arson, or extortion, involve[ ] the use of explosives, or otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," *id.* § 924(e)(2)(B)(ii).
>
> Under Kentucky law, reckless homicide occurs when a person causes the death of another "with recklessness." Ky.Rev.Stat. § 507.050(1). When a crime requires only the mens rea of recklessness, it cannot qualify under the "use of physical force" subsection of the ACCA. *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011) ("[W]e conclude that the 'use of physical force' clause of the ACCA, § 924(e)(2)(B)(I), requires more than reckless conduct.") (citing *Leocal v. Ashcroft*, 543 U.S. 1, 9–11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)). The district court therefore erred in concluding that Jones's reckless homicide conviction could qualify under this subsection of § 924(e)(2)(B).
>
> Jones's conviction also no longer qualifies under the second subsection of § 924(e)(2)(B) in light of *Begay*. Jones's conviction is not for one of the specific enumerated offenses; therefore, to be included, his conviction for reckless homicide must have "otherwise involve[d] ... a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). *Begay* held that the "otherwise" clause included only convictions resembling the enumerated offenses and therefore only convictions "involv[ing] purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 144–45, 128 S.Ct. 1581 (internal quotation marks omitted). As a result, reckless conduct no longer qualifies under the residual clause either. The Supreme Court has modified the standard in both *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), and *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), but the prohibition on reckless crimes still stands. *See*

6

> *McMurray*, 653 F.3d at 376 n.9. Therefore, Jones's conviction for reckless homicide cannot be counted for ACCA purposes.

*Jones*, 689 F.3d at 626.

Additionally, since Jones's § 2255 motion was untimely, the Sixth Circuit also had to determine whether he was entitled to equitable tolling. Given Jones's circumstances, the Sixth Circuit held that he was entitled to equitable tolling for the following reasons:

> Finally, although Jones did not file his § 2255 motion within a year of the decision in *Begay* as required by § 2255(f), we hold that he is entitled to equitable tolling. Equitable tolling is used sparingly and "only if two requirements are met. First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citations and internal quotation marks omitted), *petition for cert. filed*, No. 11–10643 (U.S. April 25, 2012). Where the determinative facts are undisputed, the decision whether to apply equitable tolling is reviewed de novo. *Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006).
>
> Generally, to qualify as "extraordinary circumstances," the petitioner must show more than just his status as pro se or his limited access to a law library. *Hall*, 662 F.3d at 751. But the Supreme Court has also instructed us not to be rigid in our application of these principles and to consider each claim for equitable tolling on a case-by-case basis. *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010). "The flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Id.* (internal quotation marks and ellipsis omitted).
>
> Here, Jones missed the one-year deadline by less than three months. Jones explained in his filings before the district court that he did not learn of the Supreme Court's holding in *Begay* until May 12, 2009, due in large part to a series of prison transfers immediately before the case was announced that separated him from his legal materials and made it difficult for him to acquire access to new legal information from other prisoners. In February 2008, before Begay was announced, Jones states that he was transferred without his legal

> materials to a new facility following medical treatment. In June 2008, the Bureau of Prisons initiated a medical transfer from that new facility to yet another in West Virginia, but he did not arrive until September 2008 after spending time in holding facilities in Georgia and Oklahoma, still without his legal materials. Jones is partially illiterate and must rely on other prisoners for knowledge of changes in the legal landscape. He also has a variety of medical conditions, including seizures, that require frequent medication and impeded his ability to adequately obtain legal information. Jones averred that throughout this time he was constantly questioning others for legal advice on how to challenge his convictions, but did not receive information about *Begay* until other inmates informed him about it in May 2009. Within two months of learning of his new right, he was able to obtain sufficient assistance to submit a motion to vacate under § 2255.
>
> Although any one of the above factors may not constitute "extraordinary circumstances" alone, the combination of all of these factors justifies applying equitable tolling to Jones's claims. See *Solomon*, 467 F.3d at 934–35 (6th Cir. 2006) (holding transfer of petitioner without legal materials and poor prison communication contributed to application of equitable tolling); *cf. Hall*, 662 F.3d at 751–52 (distinguishing *Solomon* because no evidence petitioner was separated from legal materials). Furthermore, Jones has met his burden of demonstrating that he was not sleeping on his rights and was diligent in pursuing new claims and this claim in particular once he became aware of its existence. The argument for equitable relief in this case is made all the more compelling by the United States's position that Jones should receive the relief he requests.

*Jones*, 689 F.3d at 626-28. (footnotes omitted).

## ANALYSIS

The factual background in *Jones* bears important similarities to the factual background in Saults's case. First, the two cases concern sentences enhanced under the ACCA, with one of the predicate offenses being for reckless conduct. In *Jones*, that offense was a conviction for reckless homicide, while Saults's offense was a conviction for reckless endangerment. Second, Jones's conviction, like Saults's, was also final at the time of the Supreme Court's

decision in *Begay* in 2008. Third, Jones's request for relief from that sentence raised in his § 2255 motion was based on the *Begay* decision, and Saults's request for relief from his sentence, when first raised in his § 2241 habeas petition, was also based on *Begay*. Finally, both Jones's and Saults's requests for relief under the 2008 *Begay* decision were untimely.

The chief difference between *Jones* and the present case is procedural: Jones began his quest for relief by filing a motion in the trial court pursuant to 28 U.S.C. § 2255, while Saults began his quest for relief through the filing of a habeas corpus petition, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated, rather than by filing a § 2255 motion in the trial court in the Eastern District of Tennessee. That procedural difference requires denial of Saults's effort to obtain relief under § 2241, regardless of any substantive merit to his claim.

While the Sixth Circuit's decision in *Jones* indicates that Saults should not be subject to the ACCA's mandatory 15-year sentence, this Court is unable to grant Saults relief from it under § 2241. 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may

9

not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." See 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). Because Saults has never sought relief via a § 2255 motion from the court which sentenced him, he has not demonstrated that § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 563 F.3d at 447. Thus, Saults cannot benefit from the § 2255's "savings clause" and pursue relief under § 2241.

Furthermore, it is significant that Saults does not claim that he is "actually innocent" of the underlying firearms conviction. The savings clause of § 2255 can also implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Saults does not contend that he did not violate 18 U.S.C. § 922(g)(1), only that his sentence should not have been enhanced under the ACCA. Unfortunately for Saults, the

savings clause of § 2255 does not extend to a § 2241 petitioner challenging only his enhanced sentence and his status as a career offender, rather than the underlying offense of which he was convicted. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4, (D.S.C. June 18, 2010). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C. July 23, 2009).

This Court has held that a prisoner's claim that the sentencing court improperly enhanced his federal conviction based upon a prior state conviction is not cognizable under § 2241, and the Sixth Circuit has approved that approach. *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009) *aff'd*, No. 09-5991 (6th Cir. July 9, 2010). *See also, Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky., July 19, 2010); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky., June 10, 2010).

Other federal courts, facing similar claims from § 2241 petitioners relying on *Begay* to collaterally attack their sentences imposed prior to its issuance, have rejected the *Begay* claims and refused to allow those petitioners to use § 2241 to challenge their sentences. *Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 U.S. Dist. LEXIS 67532 (S.D. Fla. Aug.4, 2009) (because *Begay* addresses only sentencing issues, not the invalidation

of a conviction or decriminalization of the petitioner's activities, he could neither assert a *Begay* claim under § 2241 nor argue that his § 2255 remedy was inadequate or ineffective); *Harvey v. Sherrod*, No. 08-CV-613-DRH, 2009 U.S. Dist. LEXIS 64514 (S.D. Ill. Jul 27, 2009); *James v. Stansberry*, No. 08-512, 2009 U.S. Dist. LEXIS 9760, (E.D. Va. Feb. 9, 2009) (finding that § 2241 actual innocence claim under *Begay* was really a successive § 2255 motion; no § 2241 jurisdiction), *aff'd*, 342 F. App'x. 865 (4th Cir. 2009), *cert. denied*, 2010 U.S. LEXIS 1160 (U.S. Feb. 22, 2010). Consequently, Saults's § 2241 claim of "actual innocence" concerning his ACCA-enhanced sentence, rather than his underlying firearms conviction, is insufficient to invoke the savings clause of § 2255 to utilize § 2241.

However, this does not necessarily mean that Saults is without recourse. Three central holdings in *Jones* - that (1) *Begay* applies retroactively; (2) criminal offenses based upon reckless conduct do not qualify as a predicate offenses under the ACCA; and (3) equitable tolling may warrant consideration of late filed motions for relief under § 2255 - suggest that Saults may be able to obtain relief by filing a § 2255 motion to correct his sentence in the trial court.

As Saults has not filed a first § 2255 motion in the trial court, his motion would not be a second or successive § 2255 motion; therefore, he would not need to obtain permission from the Sixth Circuit to file it. Because Saults may be entitled to relief, he is encouraged to pursue this route. Further, if Saults files his § 2255 motion in the trial court before July 31, 2013, there is a colorable argument that it was filed within one year under 28 U.S.C. § 2255(f)(3).

While the Supreme Court "recognized" the right in *Begay* when it was decided in 2008, the Sixth Circuit did not hold it to be retroactively applicable until *Jones* was decided on July 31, 2012. Saults may have an alternative argument for equitable tolling based upon circumstances similar to those present in *Jones*.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Eric Raymond Saults's motion to vacate judgment, pursuant to Fed. R. Civ. P. 60(b)(6) [D. E. No. 13] is **OVERRULED**.

This March 11, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge